IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERABODY, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE TJX COMPANIES, INC., a Delaware corporation, <br><br> Defendants | C.A. No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Therabody, Inc. ("Therabody") files this complaint against defendants The TJX Companies, Inc. ("TJX") and Does 1-10, inclusive (collectively "Defendants").

## THE PARTIES

1.     Therabody is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, CA 90048.

2.     Therabody is informed and believes and, based thereon, alleges that defendant TJX Companies, Inc. is a Delaware corporation with places of business within this District.

3.     Therabody is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Therabody will amend this Complaint to

allege their true names and capacities when ascertained, along with the appropriate factual allegations.

4.     Therabody is informed and believes and, based thereon, alleges that Defendants are selling, or offering for sale within the United States, or importing into the United States the infringing massage gun products described below.

5.     Therabody is informed and believes and, based thereon, alleges that each of the Defendants conspired and acted in concert with one or more other Defendants to commit the wrongs against Therabody alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Therabody is further informed and believes and on that basis alleges that, in doing the things alleged in this Complaint, each of the Defendants was acting within the scope of authority conferred upon that Defendant by the consent, approval, and/or ratification of one or more of the other Defendants.

## <u>JURISDICTION AND VENUE</u>

6.     This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

7.     This Court has subject matter jurisdiction over the patent claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

9.     This Court has personal jurisdiction over Defendants and Therabody

is informed and believes and, based thereon, alleges that, all Defendants have

places of business in this judicial district and distribute, promote, market, use, sell,

offer for sale, import, and/or advertise their infringing products in or to this District

and/or to businesses and individuals in this District.  Therabody is further informed

and believes and, based thereon, alleges that Defendants derive substantial revenue

from the distribution, promotion, marketing, manufacture, use, sale, offer for sale,

or import of infringing products in or to this District. Accordingly, this Court has

personal jurisdiction over Defendants because they have engaged in continuous,

systematic and substantial activities within this judicial district, including the

marketing and sales of products, in this judicial district. Furthermore, upon

information and belief, this Court has personal jurisdiction over Defendants in this

case because they have committed acts giving rise to Therabody's claims within

and directed to this judicial district.

## GENERAL ALLEGATIONS

10.     Therabody is in the business of developing, manufacturing, and

selling high-quality, innovative percussive therapy devices and attachments

therefor.  Therabody invests considerable time, effort and money in developing and

protecting its intellectual property, including the unique and novel designs of its

products.

11.     Therabody is the owner of United States Patent Number 10,945,915,

entitled "Portable percussive massage device" (hereinafter the "'915 Patent"),

issued on March 16, 2021, a true and correct copy of which is attached hereto as Exhibit A. The '915 Patent pertains to a portable percussive massage device. The '915 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '915 Patent are novel and non-obvious.

12.     Therabody is the owner of United States Patent Number 10,702,448, entitled "Percussive massage device and method of use" (hereinafter the "'448 Patent"), issued on July 7, 2020, a true and correct copy of which is attached hereto as Exhibit B. The '448 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '448 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '448 Patent are novel and non-obvious.

13.     Therabody is the owner of United States Patent Number 10,918,565, entitled "Percussive massage device and method of use" (hereinafter the "'565 Patent"), issued on February 16, 2021, a true and correct copy of which is attached hereto as Exhibit C. The '565 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '565 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '565 Patent are novel and non-obvious.

14.     On May 21, 2019, the United States Patent and Trademark Office issued United States Patent Number D849,261, entitled "Massage Element" (hereinafter "the '261 Patent").  A true and correct copy of the '261 Patent is

attached hereto as <u>Exhibit D</u>.

15.     Therabody is the owner of the '261 Patent. The '261 Patent pertains to a particular ornamental design for an attachment for percussive massage devices, including as depicted in Fig. 1[1] below. The '261 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '261 Patent is novel and non-obvious.



**Fig. 1**

16.     On September 2, 2019, the United States Patent and Trademark Office issued United States Patent Number D861,182, entitled "Massage Element" (hereinafter "the '182 Patent").  A true and correct copy of the '182 Patent is attached hereto as <u>Exhibit E</u>.

17.     Therabody is the owner of the '182 Patent. The '182 Patent pertains to a particular ornamental design for an attachment for percussive massage devices, including as depicted in Fig. 2 below. The '182 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '182 Patent is novel and non-

---

[1] The figure numbers cited here are not the figure numbers from the patents.

obvious.



**Fig. 2**

18.     On July 21, 2020, the United States Patent and Trademark Office issued United States Patent Number D890,943, entitled "Massage Element" (hereinafter "the '943 Patent").  A true and correct copy of the '943 Patent is attached hereto as <u>Exhibit F</u>.

19.     Therabody is the owner of the '943 Patent.  The '943 Patent pertains to a particular ornamental design for an attachment for percussive massage devices, including as depicted in Fig. 3 below.  The '943 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '943 Patent is novel and non-obvious.



**Fig. 3**

20.     On September 15, 2020, the United States Patent and Trademark Office issued United States Patent Number D896,393, entitled "Massage Element"

(hereinafter "the '393 Patent"). A true and correct copy of the '393 Patent is

attached hereto as Exhibit G.

21.    Therabody is the owner of the '393 Patent. The '393 Patent pertains to

a particular ornamental design for an attachment for percussive massage devices,

including as depicted in Fig. 4 below. The '393 Patent is presumed to be valid and

is *prima facie* proof that the design shown in the '393 Patent is novel and non-

obvious.



**Fig. 4**

22.    On April 9, 2019, the United States Patent and Trademark Office

issued United States Patent Number D845,500, entitled "Massage Element"

(hereinafter "the '500 Patent"). A true and correct copy of the '500 Patent is

attached hereto as Exhibit H.

23.    Therabody is the owner of the '500 Patent. The '500 Patent pertains to

a particular ornamental design for an attachment for percussive massage devices,

including as depicted in Fig. 5 below. The '500 Patent is presumed to be valid and

is *prima facie* proof that the design shown in the '500 Patent is novel and non-

obvious.



**Fig. 5**

24.    Therabody is the owner of United States Patent Number 10,557,490, entitled "Treatment element attachment system" (hereinafter the "'490 Patent"), issued on February 11, 2020, a true and correct copy of which is attached hereto as <u>Exhibit I</u>. The '490 Patent pertains to a system for attaching a treatment element to a reciprocal treatment device. The '490 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '490 Patent are novel and non-obvious.

25.    Therabody is the owner of United States Patent Number 11,160,723, entitled "Portable percussive massage device" (hereinafter the "'723 Patent"), issued on November 2, 2021, a true and correct copy of which is attached hereto as <u>Exhibit J</u>. The '723 Patent pertains to a percussive massage device, and more particularly to a portable percussive massage device. The '723 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '723 Patent are novel and non-obvious.

26.    On January 8, 2019, the United States Patent and Trademark Office issued United States Patent Number D837,636, entitled "Connector" (hereinafter

"the '636 Patent"). A true and correct copy of the '636 Patent is attached hereto as Exhibit K.

27.     Therabody is the owner of the '636 Patent. The '636 Patent pertains to a particular ornamental design for a connector, including as depicted in Fig. 6 below. The '636 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '636 Patent is novel and non-obvious.



**Fig. 6**

28.     On May 4, 2021, the United States Patent and Trademark Office issued United States Patent Number D918,404, entitled "Massage element" (hereinafter "the '404 Patent"). A true and correct copy of the '404 Patent is attached hereto as Exhibit L.

29.     Therabody is the owner of the '404 Patent. The '404 Patent pertains to a particular ornamental design for a connector, including as depicted in Fig. 7 below. The '404 Patent is presumed to be valid and is *prima facie* proof that the design shown in the '404 Patent is novel and non-obvious.



**Fig. 7**

30.    Therabody's patented and patent-pending devices are innovative and have received industry praise and recognition, including the 2019 A' Design Award for Digital and Electronic Devices, for its Therabody G3PRO design.

31.    Therabody is informed and believes and, based thereon, alleges that Defendants began competing with Therabody in the percussive massage device industry by manufacturing and selling: (1) percussive massage devices infringing the '915 and '723 Patents ("First and Third Infringing Devices"); (2) percussive massage devices infringing the '448 and '565 Patents ("Second Infringing Device"); (3) percussive massage devices infringing the '490 Patent ("Third Infringing Device"); (4) attachments with identical, or nearly identical, designs to those of Therabody's patents, including head attachments infringing the designs claimed in the '261 Patent and the '182 Patent ("First Infringing Attachment"), the '943 and '404 Patent ("Second Infringing Attachment"), the '393 Patent ("Third Infringing Attachment"), the '500 Patent (the "Fourth Infringing Attachment"), (collectively, the "Infringing Products"); and (5) connectors with identical, or nearly identical, designs to those of Therabody's patents, including head

attachments infringing the designs claimed in the '636 Patent ("Infringing

Connector") (collectively, "Asserted Patents").

32.    The First, Second and Third Infringing Devices are shown below:



First Infringing Device          Second Infringing Device          Third Infringing Device

33.    The First, Second, Third, and Fourth Infringing Attachments are

shown below:



First Infringing Attachment   Second Infringing Attachment   Third Infringing Attachment   Fourth Infringing Attachment

34.    The Infringing Connector is shown below:



Infringing Connector

35.     By email dated February 3, 2022, Therabody notified Defendant TJX that the Infringing Products were infringing Therabody's '915, '448, '565, '261, '182, '943, '393 and '500 Patents and demanded that Tzumi immediately cease and permanently discontinue, *inter alia*, all offers for sale, sales, and importation of the Infringing Products.

36.     To date, TJX has not responded to Therabody's email.

37.     Notwithstanding Therabody's demand and in conscious disregard of Therabody's intellectual property rights as set forth herein, Defendants have continued to offer for sale and sell the Infringing Products.

## FIRST CAUSE OF ACTION

**Patent Infringement of the '915 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

38.     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

39.     At all times herein mentioned the '915 Patent was and is valid and fully enforceable.

40.     Defendants are offering for sale and selling percussive massage devices that infringe at least claim 1 of the '915 Patent, including at least the First and Third Infringing Devices.

41.     The First and Third Infringing Devices are percussive massage devices.

42.   As shown below, the First and Third Infringing Devices each include a housing that defines a housing interior, wherein the housing defines a thickness, a width and a height, a battery, a motor positioned in the housing, wherein the motor includes a rotatable motor shaft that defines a motor axis, a counterweight that rotates about the motor axis, a switch for activating the motor, and a reciprocating shaft operatively connected to the motor and configured to reciprocate in response to activation of the motor.



First Infringing Device                     Third Infringing Device

43.   As shown above, the reciprocating shaft includes a distal end that defines a reciprocation axis and the reciprocation axis defines a thickness reciprocation plane that extends transversely through the thickness of the housing and divides the housing into first and second side portions.

44.   As shown above, the entire motor is positioned on a first side of the thickness reciprocation plane in the first side portion and the entire battery is

positioned on a second side of the thickness reciprocation plane in the second side portion.

45.   As shown above, the motor axis extends perpendicular to the thickness reciprocation plane and extends through the battery.

46.   As shown below, the first side portion is symmetrical to the second side portion except for any openings or ports defined in the housing.



First Infringing Device                Third Infringing Device

47.   Defendants infringe literally or under the doctrine of equivalents, or both.

48.   At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the claimed inventions in the '915 Patent.

49.   Therabody has been damaged by Defendants' acts of infringement of the '915 Patent and Therabody will continue to be damaged by such infringement

unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

50.     Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

51.     Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's

email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## SECOND CAUSE OF ACTION

### Patent Infringement of the '448 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

52.     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

53.     At all times herein mentioned the '448 Patent was and is valid and fully enforceable.

54.     Defendants are offering for sale and selling percussive massage devices that infringe at least claim 6 of the '448 Patent, including at least the Second Infringing Device.

55.     Defendants' Second Infringing Device is a percussive massage device.

56.     As shown below, Defendants' Second Infringing Device includes a housing, wherein the housing includes first, second and third handle portions that cooperate to define a handle opening.



57.     As shown below, Defendants' Second Infringing Device includes a first handle portion that defines a first axis, a second handle portion defines a second axis and a third handle portion defines a third axis, and wherein the first, second and third axes cooperate to form a triangle.



58.     As shown above, the Second Infringing Device includes that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp

any of the first, second or third handle portions independently to use the percussive massage device.

59.    The Second Infringing Device includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

60.    Defendants infringe literally or under the doctrine of equivalents, or both.

61.    At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the inventions claimed in the '448 Patent.

62.    Therabody has been damaged by Defendants' acts of infringement of the '448 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

63.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second Infringing Device becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's

investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Second Infringing Device being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Second Infringing Device, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

64.    Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## THIRD CAUSE OF ACTION

**Patent Infringement of the '565 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

65.     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

66.     At all times herein mentioned the '565 Patent was and is valid and fully enforceable.

67.     Defendants are offering for sale and selling percussive massage devices that infringe at least claim 1 of the '565 Patent, including at least the Second Infringing Device.

68.     Defendants' Second Infringing Device is a percussive massage device.

69.     As shown below, Defendants' Second Infringing Device includes a housing, wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening.



70.     As shown below, Defendants' Second Infringing Device includes a first handle portion that defines a first axis, a second handle portion that defines a second axis and a third handle portion that defines a third axis, and wherein the first, second and third axes are co-planar.



71.     As shown above, the Second Infringing Device includes that the first handle portion is generally straight, that the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

72.     The Second Infringing Device includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

73.     Defendants infringe literally or under the doctrine of equivalents, or both.

74.   At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the inventions claimed in the '565 Patent.

75.   Therabody has been damaged by Defendants' acts of infringement of the '565 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

76.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second Infringing Device becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Second Infringing Device being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Second Infringing Device, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

77.    Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## FOURTH CAUSE OF ACTION

### Patent Infringement of the '261 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

78.    Therabody realleges and incorporates by reference all paragraphs above as if fully set forth herein.

79.    At all times herein mentioned the '261 Patent was and is valid and fully enforceable.

80.    As shown below, a side by side comparison of figures from Therabody's '261 Patent and the design of Defendants' First Infringing Attachment as a whole quickly reveals that the First Infringing Attachment appears substantially the same as Therabody's '261 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one

supposing it to be the other.  Among other things, an ordinary observer would conclude that the First Infringing Attachment has a number of the same, or very similar, features as the design patented in the '261 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and First Infringing Attachment are (a) cone shaped, (b) have the same relative dimensions (cone axial length relative to the diameter of the base), (c) have a rounded tip, and (d) have a generally circular cavity centered in the base of the attachment:



First Infringing Attachment

81.    Defendants have and continue to directly infringe the '261 Patent by offering for sale and selling the First Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

82.    Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

83.    At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the design claimed in the '261 Patent.

84.   Therabody has been damaged by Defendants' acts of infringement of the '261 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court.  Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

85.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First Infringing Attachment becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First Infringing Attachment being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

86.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of

Therabody's complaint and amended complaint against Tzumi Electronics LLC on

September 17, 2021 and November 23, 2021, respectively, through Therabody's

email to TJX on February 3, 2022, and through Therabody's marking of its

products via its website at https://www.therabody.com/us/en-us/patents.html,

continue to be, willful and deliberate and therefore warrant the award of attorneys'

fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to

35 U.S.C. § 284.

### FIFTH CAUSE OF ACTION

**Patent Infringement of the '182 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

87.     Therabody realleges and incorporates by reference all paragraphs

above as if fully set forth herein.

88.     At all times herein mentioned the '182 Patent was and is valid and

fully enforceable.

89.     As shown below, a side by side comparison of Therabody's '182

Patent and Defendants' First Infringing Attachment quickly reveals that the design

of the First Infringing Attachment as a whole appears substantially the same as

Therabody's '182 Patent to an ordinary observer, and the resemblance is such as to

deceive such an observer, inducing him to purchase one supposing it to be the

other.  Among other things, an ordinary observer would conclude that the First

Infringing Attachment has a number of the same, or very similar, features as the

design patented in the '182 Patent that contribute to an overall appearance that is

substantially the same, including but not limited to that both the patented design

and First Infringing Attachment are (a) cone shaped, (b) have the same relative

dimensions (cone axial length relative to the diameter of the base), (c) have a

rounded tip, and (d) have a generally circular cavity centered in the base of the

attachment:



First Infringing Attachment

90.     Defendants have and continue to directly infringe the '182 Patent by

offering for sale and selling the First Infringing Attachment in conjunction with

percussive massage devices competitive to Therabody.

91.     Defendants' infringement is based upon literal infringement or

infringement under the doctrine of equivalents, or both.

92.     At no time has Therabody granted Defendants authorization, license,

or permission to offer for sale and sell the design claimed in the '182 Patent.

93.     Therabody has been damaged by Defendants' acts of infringement of

the '182 Patent and Therabody will continue to be damaged by such infringement

unless enjoined by this Court.  Therabody is entitled to recover damages adequate

to compensate for the infringement under 35 U.S.C. § 284.

94.     Therabody is, and has been, irreparably harmed by Defendants'
ongoing infringement, including the following harm which cannot be quantified or
recouped through monetary damages: (1) lost market share that will be difficult, if
not impossible, to recoup later as the First Infringing Attachment becomes
entrenched with retail sellers and trainers who recommend it to their clients, (2)
loss of first mover advantage that Therabody enjoyed as the first company to offer
its innovative percussive devices and patented attachments, (3) loss of Therabody's
investment in building up the market for percussive devices and its patented
attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the
unquantifiable effect on lost sales of related products, (6) price erosion due to
Defendants' First Infringing Attachment being sold at a price point lower than
Therabody's patented product, (7) diversion of resources to defend against loss of
market share caused by sales of the First Infringing Attachment, and (8)
Defendants' unauthorized sales that are enticing others to offer for sale and sell
infringing attachments that leads to additional irreparable harm described above.

95.     Defendants' acts of infringement, including their continued sales of
the Infringing Products after notice of their infringement through the filing of
Therabody's complaint and amended complaint against Tzumi Electronics LLC on
September 17, 2021 and November 23, 2021, respectively, through Therabody's
email to TJX on February 3, 2022, and through Therabody's marking of its
products via its website at https://www.therabody.com/us/en-us/patents.html,

continue to be, willful and deliberate and therefore warrant the award of attorneys'

fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to

35 U.S.C. § 284.

## SIXTH CAUSE OF ACTION

**Patent Infringement of the '943 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

96.    Therabody realleges and incorporates by reference all paragraphs

above as if fully set forth herein.

97.    At all times herein mentioned the '943 Patent was and is valid and

fully enforceable.

98.    As shown below, a side by side comparison of Therabody's '943

Patent and Defendants' Second Infringing Attachment quickly reveals that the

design of the Second Infringing Attachment as a whole appears substantially the

same as Therabody's '943 Patent to an ordinary observer, and the resemblance is

such as to deceive such an observer, inducing him to purchase one supposing it to

be the other.  Among other things, an ordinary observer would conclude that the

Second Infringing Attachment  has a number of the same, or very similar, features

as the design patented in the '943 Patent that contribute to an overall appearance

that is substantially the same, including but not limited to that both the patented

design and Second Infringing Attachment are: (a) dome shaped, (b) sloped portions

from the top attachment-side to the dome, (c) the same relative proportions of the

dome to the sloped portion of the attachment, and (d) have a generally circular cavity centered in the base of the attachment:



Fig. 4                    Second Infringing Attachment

99.     Defendants have and continue to directly infringe the '943 Patent by offering for sale and selling the Second Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

100.    Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

101.    At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the design claimed in the '943 Patent.

102.    Therabody has been damaged by Defendants' acts of infringement of the '943 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court.  Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

103.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Second Infringing Attachment becomes

entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Second Infringing Attachment being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Second Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

104.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## SEVENTH CAUSE OF ACTION

**Patent Infringement of the '393 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

105.    Therabody realleges and incorporates by reference all paragraphs above as if fully set forth herein.

106.    At all times herein mentioned the '393 Patent was and is valid and fully enforceable.

107.    As shown below, a side by side comparison of Therabody's '393 Patent and Defendants' Third Infringing Attachment quickly reveals that the design of the Third Infringing Attachment as a whole appears substantially the same as Therabody's '393 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.  Among other things, an ordinary observer would conclude that the Third Infringing Attachment has a number of the same, or very similar, features as the design patented in the '393 Patent that contribute to an overall appearance that is substantially the same, including but not limited to that both the patented design and Third Infringing Attachment is (a) dome shaped contact surface, (b) vertical sides between the sloped portion and dome, (c) sloped portions from the vertical sides to the attachment side, (d) the same relative proportions of the three segments (domed, vertical side and sloped), and (e) have a generally circular cavity centered in the base of the attachment:



Fig. 4                    Third Infringing Attachment

108.   Defendants have and continue to directly infringe the '393 Patent by offering for sale and selling Third Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

109.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

110.   At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the design claimed in the '393 Patent.

111.   Therabody has been damaged by Defendants' acts of infringement of the '393 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court.  Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

112.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Third Infringing Attachment becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer

its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Third Infringing Attachment being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Third Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

113.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## EIGHTH CAUSE OF ACTION

**Patent Infringement of the '500 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

114.   Therabody realleges and incorporates by reference all paragraphs above as if fully set forth herein.

115.   At all times herein mentioned the '500 Patent was and is valid and fully enforceable.

116.   As shown below, a side by side comparison of Therabody's '500 Patent and Defendants' Fourth Infringing Attachment quickly reveals that the design of the Fourth Infringing Attachment as a whole appears substantially the same as Therabody's '500 Patent to an ordinary observer, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Fourth Infringing Attachment has a number of the same, or very similar, features as the design patented in the '500 Patent that contribute to an overall appearance that is substantially the same, including but not limited to that both the patented design and Fourth Infringing Attachment is (a) width of contact side (where it placed against a body part) is larger than the width of the attachment side, (b) width of the contact side and the length (top to bottom) are generally the same size, (c) thickness of the contact surface has the same proportions to the length and

width of the attachment, (d) rounded contact surface, and (e) a generally circular cavity centered in the base of the attachment:



Fig. 2                         Fourth Infringing Attachment

117.   Defendants have and continue to directly infringe the '500 Patent by offering for sale and selling the Fourth Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

118.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

119.   At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the design claimed in the '500 Patent.

120.   Therabody has been damaged by Defendants' acts of infringement of the '500 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

121.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Fourth Infringing Attachment becomes

entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Fourth Infringing Attachment being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Fourth Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

122.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## NINTH CAUSE OF ACTION

**Patent Infringement of the '490 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

123.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

124.   At all times herein mentioned the '490 Patent was and is valid and fully enforceable.

125.   Defendants are offering for sale and selling percussive massage devices that infringe at least claim 1 of the '490 Patent, including at least the Third Infringing Device.

126.   Defendants' Third Infringing Device includes a treatment assembly for securing a treatment member to a shaft.

127.   As shown below, the treatment member of Defendants' Third Infringing Device defines a longitudinal axis and has a distal end and a proximal end, wherein the proximal end includes an attachment recess defined therein. The treatment member includes a female attachment member having a distal end, a proximal end, and a shaft recess defined in the proximal end, wherein the female attachment member is secured in the attachment recess of the treatment member, wherein the shaft recess is defined by an interior surface that includes first and second opposing flat surfaces, wherein the first flat surface includes a first detent defined therein and the second flat surface includes a second detent defined

therein, whereby when the shaft is received in the shaft recess, the first flat surface
is operatively engaged with a first opposing flat surface on a male attachment
member and a first ball is biased into the first detent and the second flat surface is
operatively engaged with a second opposing flat surface on a male attachment
member and a second ball is biased into the second detent.



128.    Defendants infringe literally or under the doctrine of equivalents, or
both.

129.    At no time has Therabody granted Defendants authorization, license, or
permission to offer for sale and sell the inventions claimed in the '490 Patent.

130.    Therabody has been damaged by Defendants' acts of infringement of
the '490 Patent and Therabody will continue to be damaged by such infringement

unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

131.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Third Infringing Device becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Third Infringing Device being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Third Infringing Device, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

132.    Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's

email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## <u>TENTH CAUSE OF ACTION</u>

**Patent Infringement of the '723 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

133.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

134.   At all times herein mentioned the '723 Patent was and is valid and fully enforceable.

135.   Defendants are offering for sale and selling percussive massage devices that infringe at least claim 1 of the '723 Patent, including at least the First and Third Infringing Devices.

136.   The First and Third Infringing Devices are percussive massage devices.

137.   As shown below, the First and Third Infringing Devices include a housing that defines a housing interior, a thickness, a width and a height, a battery that defines a battery axis, a motor positioned in the housing, wherein the motor includes a rotatable motor shaft that defines a motor axis, a counterweight that rotates about the motor axis, and a switch for activating the motor.



First Infringing Device          Third Infringing Device

138.   As shown above, the First and Third Infringing Devices include a reciprocating shaft operatively connected to the motor and configured to reciprocate in response to activation of the motor, wherein the reciprocating shaft includes a distal end that defines a reciprocation axis, wherein the reciprocation axis defines a thickness reciprocation plane that extends transversely through the thickness of the housing and divides the housing into first and second side portions, wherein the motor is positioned in the first side portion, and wherein the first side portion is symmetrical to the second side portion except for any openings

or ports defined in the housing, wherein the battery axis is parallel to the reciprocation axis, and wherein the motor axis is perpendicular to the reciprocation axis and the battery axis.

139.   As shown below, the first side portions of the First and Third Infringing Devices are symmetrical to the second side portions except for any openings or ports defined in the housing.



First Infringing Device     Third Infringing Device

140.   Defendants infringe literally or under the doctrine of equivalents, or both.

141.   At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the claimed inventions in the '723 Patent.

142.   Therabody has been damaged by Defendants' acts of infringement of the '723 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

143.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

144.   Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html,

continue to be, willful and deliberate and therefore warrant the award of attorneys'
fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to
35 U.S.C. § 284.

## ELEVENTH CAUSE OF ACTION

### Patent Infringement of the '636 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

145.   Therabody realleges and incorporates by reference all paragraphs
above as if fully set forth herein.

146.   At all times herein mentioned the '636 Patent was and is valid and
fully enforceable.

147.   As shown below, a side by side comparison of Therabody's '636
Patent and Defendants' Infringing Connector quickly reveals that the design of the
Infringing Connector as a whole appears substantially the same as Therabody's
'636 Patent to an ordinary observer, and the resemblance is such as to deceive such
an observer, inducing him to purchase one supposing it to be the other. Among
other things, an ordinary observer would conclude that the Infringing Connector
has a number of the same, or very similar, features as the design patented in the
'636 Patent that contribute to an overall appearance that is substantially the same,
including but not limited to that both the patented design and Infringing Connector
have (a) a substantially similar cylindrical shape, (b) a rim at the end opposite the
bottom of the connector, (c) a flat surface on the side of cylinder, (d) a ball seated

within the flat surface and positioned toward the bottom of the connector, and (e) an inclined surface from the side down to the bottom surface:



148.   Defendants have and continue to directly infringe the '636 Patent by offering for sale and selling the Infringing Connector in conjunction with percussive massage devices competitive to Therabody.

149.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

150.   At no time has Therabody granted Defendants authorization, license, or permission to offer for sale and sell the design claimed in the '636 Patent.

151.   Therabody has been damaged by Defendants' acts of infringement of the '636 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court.  Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

152.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement, including the following harm which cannot be quantified or

recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Connector becomes entrenched with retail sellers and trainers who recommend it to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' products having the Infringing Connector being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the products having the Infringing Connector, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing devices that leads to additional irreparable harm described above.

153.    Defendants' acts of infringement, including their continued sales of the Infringing Products after notice of their infringement through the filing of Therabody's complaint and amended complaint against Tzumi Electronics LLC on September 17, 2021 and November 23, 2021, respectively, through Therabody's email to TJX on February 3, 2022, and through Therabody's marking of its products via its website at https://www.therabody.com/us/en-us/patents.html, continue to be, willful and deliberate and therefore warrant the award of attorneys'

fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to
35 U.S.C. § 284.

## **TWELFTH CAUSE OF ACTION**

### **Patent Infringement of the '404 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

154.   Therabody realleges and incorporates by reference all paragraphs
above as if fully set forth herein.

155.   At all times herein mentioned the '404 Patent was and is valid and
fully enforceable.

156.   As shown below, a side by side comparison of Therabody's '404
Patent and Defendants' Second Infringing Attachment quickly reveals that the
design of the Second Infringing Attachment as a whole appears substantially the
same as Therabody's '404 Patent to an ordinary observer, and the resemblance is
such as to deceive such an observer, inducing him to purchase one supposing it to
be the other. Among other things, an ordinary observer would conclude that the
Second Infringing Attachment has a number of the same, or very similar, features
as the design patented in the '404 Patent that contribute to an overall appearance
that is substantially the same, including but not limited to that both the patented
design and Second Infringing Attachment have (a) dome shaped, (b) sloped
portions from the top attachment-side to the dome, (c) the same relative

proportions of the dome to the sloped portion of the attachment, and (d) have a

generally circular cavity centered in the base of the attachment:



Second Infringing Attachment

157.   Defendants have and continue to directly infringe the '404 Patent by

offering for sale and selling the Second Infringing Attachment in conjunction with

percussive massage devices competitive to Therabody.

158.   Defendants' infringement is based upon literal infringement or

infringement under the doctrine of equivalents, or both.

159.   At no time has Therabody granted Defendants authorization, license,

or permission to offer for sale and sell the design claimed in the '404 Patent.

160.   Therabody has been damaged by Defendants' acts of infringement of

the '404 Patent and Therabody will continue to be damaged by such infringement

unless enjoined by this Court.  Therabody is entitled to recover damages adequate

to compensate for the infringement under 35 U.S.C. § 284.

161.   Therabody is, and has been, irreparably harmed by Defendants' on-

going infringement, including the following harm which cannot be quantified or

recouped through monetary damages: (1) lost market share that will be difficult, if

not impossible, to recoup later as the Second Infringing Attachment becomes

entrenched with retail sellers and trainers who recommend it to their clients, (2)

loss of first mover advantage that Therabody enjoyed as the first company to offer

its innovative percussive devices and patented attachments, (3) loss of Therabody's

investment in building up the market for percussive devices and its patented

attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the

unquantifiable effect on lost sales of related products, (6) price erosion due to

Defendants' products having the Second Infringing Attachment being sold at a

price point lower than Therabody's patented products, (7) diversion of resources to

defend against loss of market share caused by sales of the products having the

Second Infringing Attachment, and (8) Defendants' unauthorized sales that are

enticing others to offer for sale and sell infringing devices that leads to additional

irreparable harm described above.

162.   Defendants' acts of infringement, including their continued sales of

the Infringing Products after notice of their infringement through the filing of

Therabody's complaint and amended complaint against Tzumi Electronics LLC on

September 17, 2021 and November 23, 2021, respectively, through Therabody's

email to TJX on February 3, 2022, and through Therabody's marking of its

products via its website at https://www.therabody.com/us/en-us/patents.html,

continue to be, willful and deliberate and therefore warrant the award of attorneys'

fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to

35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Therabody prays for judgment as follows:

A.     For an order finding that the Asserted Patents are valid and

enforceable;

B.     For an order finding that Defendants have infringed the Asserted

Patents directly, contributorily, and/or by inducement, literally or by equivalents,

in violation of 35 U.S.C. § 271;

C.     For an order temporarily, preliminarily and permanently enjoining

Defendants, their officers, directors, agents, servants, affiliates, employees,

subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all

others acting in concert or participation with any of them, from infringing the

Asserted Patents directly, contributorily and/or by inducement, or otherwise

engaging in acts of unfair competition;

D.     For a judgment directing that any products in the possession, custody

or control of Defendants which infringe the Asserted Patents, including but not

limited to the Infringing Products, be delivered up and destroyed within 30 days of

entry of judgment;

E.      For a judgment directing Defendants to recall all such Infringing Products and any other materials sold, distributed, advertised or marketed which infringe the Asserted Patents;

F.      For an order directing Defendants to file with the Court, and serve upon Therabody's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which each of them has complied with the injunction;

G.      For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Therabody's rights;

H.      For compensatory damages in an amount to be proven at trial, including disgorgement of profits or gains of any kind made by Defendants from their infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including general, statutory, enhanced, exemplary, treble, and/or punitive damages, as appropriate;

I.      For an order finding that this is an exceptional case, and awarding Plaintiff's reasonable attorneys' fees according to proof;

J.      For an order awarding Therabody its costs of court; and

K.      For such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury on all issues so triable.

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff,*
*Therabody, Inc.*

OF COUNSEL:
Gregory S. Cordrey
Rod S. Berman
Stanley M. Gibson
JEFFER MANGELS BUTLER
  & MITCHELL LLP
3 Park Plaza, Suite 1100,
Irvine, CA 92614

Dated: March 9, 2022