# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| THERABODY, INC., a Delaware corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 22-310 (RGA) |
| THE TJX COMPANIES, INC., a Delaware corporation, | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT THE TJX COMPANIES, INC.'S**
**OPENING BRIEF IN SUPPORT OF MOTION TO STAY**

**TABLE OF CONTENTS**

I.    INTRODUCTION and NATURE AND STAGE OF PROCEEDINGS ............................1

II.    SUMMARY OF ARGUMENT ..................................................................................................2

III.    STATEMENT OF FACTS .........................................................................................................2

IV.    ARGUMENT ...............................................................................................................................3

        A.    The First-to-File Rule and the Jurisprudence Underlying the Customer-Suit Exception Strongly Support a Stay. ......................................................................................3

        B.    All of the Traditional Factors Weigh in Favor of a Stay. ........................................6

            1.    A Stay Will Resolve or Simplify the Issues ..................................................6

            2.    The Current Stage of this Case Favors a Stay ..............................................7

            3.    Therabody Will Not Be Unduly Prejudiced by a Stay ................................8

V.    CONCLUSION .........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bio-Rad Laboratories Inc. v. 10X Genomics, Inc.*,
   No. 18-1679-RGA, 2020 WL 2849989 (D. Del. Jun. 2, 2020) .................................................9

*Commissariat A L'Energie Atomique v. Dell Comput. Corp.*,
   No. Civ.A. 03–484–KAJ, 2004 WL 1554382 (D. Del. May 13, 2004)................................5, 6

*Cost Bros., Inc. v. Travelers Indem. Co.*,
   760 F.2d 58 (3d Cir. 1985)......................................................................................................7

*Dermafocus LLC v. Ulthera, Inc.*,
   No. 15-654 (MN), 2018 WL 5113960 (D. Del. Oct. 19, 2018)................................................7

*Early Warning Serv. LLC v. Grecia*,
   C.A. No. 21-1050, 2021 WL 1264029 (E.D. Pa. Apr. 6, 2021) ...............................................4

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005)................................................................................................4

*FMC Corp. v. Summit Agro USA, LLC*,
   No. 14–51–LPS, 2014 WL 3703629 (D. Del. July 21, 2014)...................................................8

*Gen. Electro Music Corp. v. Samick Music Corp.*,
   19 F.3d 1405 (Fed. Cir. 1994)..................................................................................................7

*Genentech v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993)..................................................................................................4

*Glenayre Elecs., Inc. v. Jackson*,
   443 F.3d 851 (Fed. Cir. 2006)..................................................................................................8

*In re Google Inc.*,
   588 F. App'x 988 (Fed. Cir. 2014) ..........................................................................................5

*Infinite Data LLC v. Amazon.com, Inc.*,
   No. 12–1616–RGA, 2014 WL 266798 (D. Del. Jan. 23, 2014) (Andrews, J.).........................6

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
   No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015) ........................................9

*Kahn v. Gen. Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989)................................................................................................6

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir.1990)..........................................................................................5

*Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*,
    855 F. Supp. 673 (D. Del. 1994)........................................................................................7

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014).........................................................................................5

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
    No. 12–088–RGA, 2012 WL 2803695 (D. Del. July 10, 2012) (Andrews, J.) ...............8, 9

*Quanta Computer, Inc. v. LG Elec., Inc.*,
    553 U.S. 617 (2008)...........................................................................................................8

*Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*,
    No. 14–617–GMS, 2015 WL 4624164 (D. Del. July 31, 2015)........................................8

*Round Rock Rsch. LLC v. Dole Food Co. Inc.*,
    No. 11–1239–RGA, 2012 WL 1185022 (D. Del. Apr. 6, 2012) (Andrews, J.)................10

*Siemens Indus., Inc. v. Westinghouse Air Brake Techs. Corp.*,
    No. 16-284-LPS, 2018 WL 3046511 (D. Del. June 20, 2018) .........................................7

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011).........................................................................................3

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*,
    458 F.3d 1335 (Fed. Cir. 2006).........................................................................................6

*In re Telebrands Corp.*,
    773 F. App'x. 600 (Fed. Cir. 2016) ................................................................................2, 4

*Therabody, Inc. v. Aduro Products LLC, et al.*,
    2-22-cv-596-RGK-AFM (C.D. Cal.) .................................................................................2

*Theragun, Inc. v. Tzumi Electronics LLC et al.*,
    C.A. No. 21-7803-PGG-RWL (S.D.N.Y.)................................................................ *passim*

*Time-Warner Cable, Inc. v. GPNE Corp.*,
    497 F. Supp. 2d 584 (D. Del. 2007)...............................................................................2, 4

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
    No. 10–503–SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010)......................................10

*Verint Americas Inc. v. Fornell*,
    No. 21-674-LPS-SRF, 2021 WL 7209515 (D. Del. Nov. 10, 2021) ..............................2, 4

*Wilson Wolf Mfg. Corp. v. Brammer Bio, LLC*,
    No. 19-2315-RGA, 2020 WL 13119694 (D. Del. Dec. 8, 2020) (Andrews, J.) ........................ 6

*Xodus Medical Inc. v. Mullen*,
    No. 7:21-cv-00727-DCC, 2022 WL 593955 (D.S.C. Feb. 28, 2022) ........................................ 5

**I.      INTRODUCTION AND NATURE AND STAGE OF PROCEEDINGS**

On September 17, 2021, Therabody, Inc. f/k/a Theragun, Inc. ("Therabody") brought an eight-count patent infringement Complaint against a manufacturer of allegedly infringing percussive massage devices and attachments, Tzumi Electronics LLC and Tzumi Inc. (collectively, "Tzumi"), styled *Theragun, Inc. v. Tzumi Electronics LLC et al.*, C.A. No. 21-7803-PGG-RWL (S.D.N.Y.) (hereinafter, the "*Tzumi* Action"). Therabody has subsequently twice amended its Complaint in the *Tzumi* Action to include six more counts of patent infringement and additional allegedly infringing devices and attachments. *See* C.A. No. 21-7803 at D.I. 1, D.I. 19 & D.I. 53. On June 7, 2022, Tzumi served a Motion for Partial Summary Judgment of Non-Infringement as to four of the patents-in-suit, and on June 17, 2022, Therabody served its Disclosure of Asserted Claims and Infringement Contentions. *See* C.A. No. 21-7803 at D.I. 58.

On March 9, 2022, Therabody commenced the instant litigation against The TJX Companies, Inc. ("TJX") (the "*TJX* Action"). By way of background, Therabody has instituted a number of different lawsuits against manufacturers of percussive massage products – including the *Tzumi* Action – and has also initiated four proceedings against TJX concerning many of the same products accused in the manufacturer suits. On May 13, 2022, Therabody filed a First Amended Complaint against TJX. The Second Amended Complaint in the *Tzumi* Action and the First Amended Complaint in the *TJX* Action contain fourteen *identical* counts of patent infringement and refer to *identical* accused products, and are for all intents and purposes carbon copies of each other. *Compare* C.A. No. 21-7803, D.I. 52 *with* C.A. No. 22-310, D.I. 13. Both actions seek a declaratory judgment that the asserted patents are valid and enforceable, a permanent injunction, a recall and destruction of infringing products, compensatory damages, and attorneys' fees and costs. *Id*. TJX purchases the accused products from Tzumi, and a judgment in the *Tzumi*

1

Action would indisputably exhaust Therabody's patent rights as to downstream retailer TJX. Therabody has argued in a separate case that "having two closely related claims in two different courts would be a waste of the court's scarce judicial resources, lead to duplicative work, and delay the resolution of Therabody's claims."

[1] TJX agrees, and requests that the Court stay the *TJX* Action in its entirety until final judgment is entered in the more advanced *Tzumi* Action, and thereby avoid a wholly unnecessary expenditure of resources by the Court and the parties.

## II.  SUMMARY OF ARGUMENT

The Court should stay Therabody's patent infringement action against TJX for at least the following reasons:

1.      This case should be stayed under the "first-to-file" rule and the well-established jurisprudence staying actions against mere resellers that sell unmodified, unaltered products in favor of cases against manufacturers, the "true defendants" in patent infringement cases involving such products.  The first-to-file rule stands for the common-sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court take the lead in deciding the issues underlying both cases.  Where the overlap is complete or nearly complete, the usual rule is for the court of first jurisdiction to resolve the issues.  *See In re Telebrands Corp.,* 773 F. App'x 600, 602 (Fed. Cir. 2016) (citations omitted).  A complete identity of parties is not required for the first-to-file rule to apply.  *Time-Warner Cable, Inc. v. GPNE Corp.,* 497 F. Supp. 2d 584, 589 (D. Del. 2007); *Verint Americas Inc. v. Farnell*, No. 21-674-LPS-SRF, 2021 WL 7209515, at *3 (D. Del. Nov. 10, 2021).  Moreover, courts typically stay customer actions in

---

[1] *See Therabody, Inc. v. Aduro Products LLC, et al.*, 2-22-cv-596-RGK-AFM (C.D. Cal.), D.I. 27 (Therabody's Opposition to Aduro's Motion to Dismiss First Amended Complaint) at 1.

accordance with the logic undergirding the so-called customer-suit exception, "based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement," "to guard against possibility of abuse," and to achieve "efficiency and judicial economy." *Spread Spectrum Screening LLC v. Eastman Kodak Co.,* 657 F.3d 1349, 1357 (Fed. Cir. 2011).

2.      Under the traditional analysis, this action should also be stayed because a stay would dramatically simplify (if not fully resolve) the issues in this case—which is still in a nascent stage with a Scheduling Order having been entered just in the past few days—without any meaningful prejudice to Therabody.  Even after amending its complaint, Therabody has failed to specify or articulate any infringement by TJX other than infringement based on TJX's alleged resale of Tzumi's products.  Indeed, it is TJX and its supplier Tzumi which are prejudiced as a result of Therabody seeking to litigate the *identical* patents and the *identical* claims of infringement in two separate fora, ostensibly to pressure TJX and Tzumi and unnecessarily drive up their litigation expenses.

## III.    STATEMENT OF FACTS

On February 3, 2022—more than four months after commencing the *Tzumi* Action—Therabody emailed TJX a "Demand to Cease Infringement of Therabody® Utility Patents and Design Patents – Tzumi."  Declaration of Kara Tartufo, Divisional Vice President and Merchandise Manager, dated July 29, 2022 ("Tartufo Decl."), ¶ 2, Ex. A.  The Demand listed seven of the eight patents-in-suit from Therabody's original Complaint against Tzumi, and was the first notice by Therabody to TJX of alleged infringement of any percussive massage devices sourced from Tzumi.  Tartufo Decl. ¶ 2 & Ex. A.  The Demand also referenced Therabody's pending S.D.N.Y. litigation against Tzumi: "As you may be aware, on September 17, 2021,

Therabody filed a lawsuit against TZUMI ELECTRONICS in the Southern District of New York for, at least, patent infringement. The complaint is attached." *Id.*, Ex. A. Therabody then commenced the instant patent infringement litigation on March 9, 2022.

Therabody has accused certain Tzumi FitRx and Tzumi ProFit percussive massage devices, along with related connectors and attachments, of infringing fourteen of its design and utility patents in both the *Tzumi* and *TJX* actions. *See, e.g.*, C.A. No. 22-310, D.I. 13 at 9-10. Tzumi is TJX's sole source of these accused products. Tartufo Decl. ¶ 3. TJX (an off-price apparel and home fashions retailer) merely resells these accused products without altering, modifying, repackaging, making additions to, or using any of them before resale. *Id.* ¶ 4. Further, TJX agrees to be bound by the Court's decisions on all issues of patent infringement and invalidity in the *Tzumi* Action. *Id.* ¶ 5.

### IV.   ARGUMENT

#### A.   The First-to-File Rule and the Jurisprudence Underlying the Customer-Suit Exception Strongly Support a Stay.

As a standard proposition in patent infringement cases, the Federal Circuit "appl[ies] the general rule favoring the forum of the first-filed case, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (quoting *Genentech v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed. Cir. 1993)). The rule is meant to encourage "sound judicial administration and promote[] comity among federal courts of equal rank." *Early Warning Services LLC v. Grecia,* C.A. No. 21-1050, 2021 WL 1264029, at *4 (E.D. Pa. Apr. 6, 2021) (citations omitted). The rule applies where there is at least considerable overlap in the issues between the two cases. *Id.*; *In re Telebrands Corp.,* 773 F. App'x at 602. Third Circuit precedent does not require a complete identity of parties for the first-to-file rule to apply. *Time-Warner,* 497 F. Supp.

2d at 589; *Verint Americas*, 2021 WL 7209515, at *3. The first-to-file doctrine squarely applies to the scenario presented by the case at bar – where the manufacturer of the accused products in question is sued first in a patent infringement case, and the mere reseller of the products is subsequently sued in a different district on the same issues. *Accord Xodus Medical Inc. v. Mullen,* No. 7:21-cv-00727-DCC, 2022 WL 593955, at *2-*3 (D.S.C. Feb. 28, 2022) (staying patent infringement action brought against the seller and marketer of an accused product in view of a first-filed co-pending infringement suit brought by the patentee in a different forum against the manufacturer of the accused product, the court ruling that the first-to-file rule, and not the customer-suit exception, applied and justified staying the reseller suit until the manufacturer suit concluded).

While the customer-suit exception to the first-filed doctrine does not apply in its classic form to the instant case because the customer case was filed months <u>after</u> the manufacturer case, the Federal Circuit has made clear that the typical sequence need not be followed, since the analysis really concerns having the entity which is the real party in interest take the active lead in ongoing litigation. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014) (applying general principles severing and staying customers, as the manufacturer Nintendo was the true defendant); *accord In re Google Inc.,* 588 F. App'x 988 (Fed. Cir. 2014); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (noting that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"); *Commissariat A L'Energie Atomique v. Dell Comput. Corp.*, No. 03–484–KAJ, 2004 WL 1554382, at *3 (D. Del. May 13, 2004) (staying case against distributors and retailers; "[i]t is common practice to stay all pending [patent] litigation except the first suit between the patent owner and a manufacturer or a higher level supplier.")

Here, the facts militate strongly in favor of staying the *TJX* Action until final judgment in the *Tzumi* Action under both first-to-file and customer-suit jurisprudence. Therabody initiated the *Tzumi* Action six months in advance of the *TJX* Action, and the original Complaint included patents and accused products also present in the *TJX* Action. The Second Amended Complaint in the *Tzumi* Action (filed May 6, 2022) and the First Amended Complaint in the *TJX* Action (filed one week later, on May 13, 2022) contain *identical* counts of patent infringement and *identical* accused products and are for all intents and purposes carbon copies of each other. *Compare* C.A. No. 21-7803, D.I. 52 *with* C.A. No. 22-310, D.I. 13. If Therabody's patents are found invalid or Tzumi is found to be not infringing, there would be no need to proceed against TJX, thus conserving judicial resources and avoiding unnecessary expense to the parties. *Commissariat*, 2004 WL 1554382, at *3. Moreover, TJX agrees to be bound by the Court's decisions on these issues in the *Tzumi* Action, Tartufo Decl. ¶ 5, which militates strongly in favor of a stay. *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006); *Wilson Wolf Mfg. Corp. v. Brammer Bio, LLC*, No. 19-2315-RGA, 2020 WL 13119694, at *1 (D. Del. Dec. 8, 2020) (Andrews, J.) (granting stay where customer agreed to be bound). Tzumi is the sole source of the accused products. *See* Tartufo Decl. ¶ 3. Therefore, "[Tzumi] knows its technology better than [TJX]," which means "[Tzumi] is in the best position, and probably has the most motivation, to litigate issues of infringement and invalidity." *Infinite Data LLC v. Amazon.com, Inc.*, No. 12–1616–RGA, 2014 WL 266798, at *1 (D. Del. Jan. 23, 2014) (Andrews, J.). Finally, TJX (an off-price apparel and home fashions retailer) merely resells the accused products without altering, modifying, repackaging, making additions to, or using any of them before resale. *See* Tartufo Decl. ¶ 4; *see also Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1082

(Fed. Cir. 1989) (collecting cases granting stays in favor of a "mere customer, who had no part in the manufacture of the accused infringing equipment").

The first-filed and customer-suit jurisprudence strongly favors the relief requested by TJX on these facts.

### B. All of the Traditional Factors Weigh in Favor of a Stay.

"[T]he decision whether to grant a stay in this case is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985); *Dermafocus LLC v. Ulthera, Inc.*, No. 15-654 (MN), 2018 WL 5113960, at *1 (D. Del. Oct. 19, 2018). In exercising its discretion, courts typically consider three factors: "(1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage." *Siemens Indus., Inc. v. Westinghouse Air Brake Techs. Corp.*, No. 16-284-LPS, 2018 WL 3046511, at *1 (D. Del. June 20, 2018). Here, all three factors favor a stay.

#### 1. A Stay Will Resolve or Simplify the Issues.

As noted above, any ruling in the *Tzumi* Action will simplify the issues in this case. If the *Tzumi* Action proceeds first and Therabody's patents are found invalid and/or not infringed by Tzumi's products, Therabody would be barred from asserting those patents here. *See Gen. Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1413 (Fed. Cir. 1994) ("[T]here is no risk that others will be subject to infringement suits in the future because the patentee cannot enforce a patent held unenforceable after a full and fair opportunity … to litigate the issue."); *Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 855 F. Supp. 673, 678 (D. Del. 1994) (applying claim and issue preclusion because "[t]he allegedly infringing devices in this case are the exact same machines

that were the subject of [a previous suit]"); *see also Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*, No. 14–617–GMS, 2015 WL 4624164, at *3 (D. Del. July 31, 2015) (noting that adjudication of plaintiff's patent infringement claim against the manufacturer/supplier defendant will dispose of any claims against the customer defendants because "the [customer] defendants are liable only if a court were to find [the manufacturer/supplier] liable"). Indeed, TJX has agreed to be bound by any infringement and validity findings in the *Tzumi* Action to the extent they proceed to judgment. Tartufo Decl. ¶ 5.

Further, if Therabody prevails and obtains a finding of infringement in the *Tzumi* Action, and Tzumi pays damages, then Therabody's claims against TJX based on the resale of those products will be exhausted. *See Quanta Computer, Inc. v. LG Elec., Inc.*, 553 U.S. 617, 638 (2008) ("The authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control post[-]sale use of the article."); *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864-66 (Fed. Cir. 2006) (holding that a patentee is precluded from collecting damages from a customer when the patentee has already collected from the manufacturer). For all of these reasons, the first factor strongly favors a stay. *See Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12–088–RGA, 2012 WL 2803695, at *2 (D. Del. July 10, 2012) (Andrews, J.) (finding that the simplification factor favors a stay of the patent infringement action against the customers in favor of the patent infringement action against the supplier).

### 2.   The Current Stage of this Case Favors a Stay.

"Motions to stay are more likely to be granted when a case is in the early stages of litigation." *FMC Corp. v. Summit Agro USA, LLC*, No. 14–51–LPS, 2014 WL 3703629, at *4 (D. Del. July 21, 2014). Indeed, stays are favored when the "most burdensome stages of the case— completing discovery, preparing expert reports, filing and responding to pretrial motions,

7

preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *Bio-Rad Laboratories Inc. v. 10X Genomics, Inc.*, No. 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. Jun. 2, 2020).

Here, there is no question that this case is in its very early stages. Initial pleadings have been filed (*see* D.I. 13; D.I. 19), a Scheduling Order has only just been entered, on July 27, 2022, (D.I. 27), and Therabody has recently served an initial set of written discovery. But no discovery responses have been served, no depositions have taken place, the Delaware Default Standard patent initial disclosures have not been made, and claim construction of the fourteen asserted patents has not commenced.[2] "With the Court and the parties having invested relatively few resources in the cases since their filing, this factor strongly favors a stay." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. 14-1192-LPS-CJB, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015) (finding factor favored stay where "[a] Case Management Conference has been held, but no Scheduling Order has yet been entered and discovery has not yet begun")

### 3.     Therabody Will Not Be Unduly Prejudiced by a Stay.

Granting a stay at this point would neither prejudice Therabody nor give TJX a clear tactical advantage.

First, Therabody and TJX are not direct competitors. "The relationship between the various parties is often an important factor when determining whether any party would suffer undue prejudice from a stay." *Pragmatus*, 2012 WL 2803695, at *2 n. 3. "Courts are generally reluctant

---

[2] Furthermore, on May 13, 2022, TJX and Therabody agreed to engage in focused settlement discussions for 30 days and, in connection therewith, entered into a standstill without prejudice to TJX's potential stay motions in this and the other pending proceedings against TJX. Although the standstill expired on June 30, 2022, TJX and its counsel of record have expended substantial time and effort in the past month in a diligent, good-faith attempt to resolve the *TJX* Action with Therabody and its counsel (and are continuing to do so).

8

to stay proceedings where the parties are direct competitors." *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, No. 10–503–SLR, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010). "Since the parties do not compete, this factor favors a stay." *Id.*

<u>Second</u>, this case is in its very preliminary stages. *See Round Rock Rsch. LLC v. Dole Food Co. Inc.*, No. 11–1239–RGA, 2012 WL 1185022, at *2 (D. Del. Apr. 6, 2012) (Andrews, J.) (concluding that "there is little tactical disadvantage to [plaintiff] since [the case] is in its earliest stages")

<u>Third</u>, Therabody will be able to equally protect whatever interests it has in this action through the *Tzumi* Action. Indeed, a stay of the case against TJX will allow Therabody and Tzumi to focus their efforts on the *Tzumi* Action, rather than have to spread their litigation resources across multiple cases. Tzumi has obtained leave in the *Tzumi* Action to file an early summary judgment motion as to four of the patents-in-suit in that action (and in the *TJX* Action); Tzumi's motion was served upon Therabody on June 7, 2022 and is currently being briefed. Litigating infringement and validity claims directly against Tzumi will be more efficient for Therabody, since discovery regarding the design, development, use and supply of the accused products will have to come from Tzumi in any case. And, if Therabody's suit against Tzumi is successful, it will likely eliminate the need for Therabody and TJX to expend any further resources litigating against each other, since the doctrine of patent exhaustion would bar any collection of damages against TJX and any recall or injunction issued in the *Tzumi* Action would likely cover TJX. Accordingly, Therabody will not be unduly prejudiced if this case is stayed.

Because all three factors under the traditional stay analysis—simplification of the issues, early stages of the case, and lack of prejudice to the non-movant—strongly favor a stay, TJX

9

respectfully requests that the Court grant its motion to stay the *TJX* Action in favor of the *Tzumi* Action.

## V.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's motion to stay this action in its entirety pending entry of final judgment in the *Tzumi* Action.

| | |
|---|---|
| Dated: August 1, 2022 | Respectfully submitted, |
| OF COUNSEL: | **DLA PIPER LLP (US)** |
| Nicholas G. Papastavros (*pro hac vice*)<br>G. Perry Wu (*pro hac vice*)<br>**DLA PIPER LLP (US)**<br>33 Arch Street, 26th Floor<br>Boston, Massachusetts 02110-1447<br>Telephone: (617) 406-6000<br>Facsimile: (617) 406-6100<br>nick.papastavros@us.dlapiper.com<br>perry.wu@us.dlapiper.com | */s/ Angela C. Whitesell*<br>Brian A. Biggs (DE Bar No. 5591)<br>Angela C. Whitesell (DE Bar No. 5547)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801-1147<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>brian.biggs@us.dlapiper.com<br>angela.whitesell@dlapiper.com<br><br>*Attorneys for Defendant*<br>*The TJX Companies, Inc.* |